# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:21-cv-58-KDB-DSC

| | | |
|---|---|---|
| IREDELL COUNTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ELIZABETH TALLANT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for initial review of the *pro se* Notice of Removal, (Doc. No. 1), and on Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 6). Also pending are Defendant's "Motion for Injunctive Relief to Stop State Hearings [and] Motion to Move Federal Hearings," (Doc. No. 3); "Motion for Appointment of Counsel, Motion for Electronic Filing, and Motion for Equal Access to the Court [and] Motion to Re-Assign Judges," (Doc. No. 4); and "Motion to Dismiss Criminal Charges [and] Motion to Expunge," (Doc. No. 8).

## I.      BACKGROUND

The *pro se* Defendant filed the Notice of Removal on March 30, 2021, purporting to remove a misdemeanor charge for unauthorized use of a motor vehicle from the District Court of Iredell County, case number 19CR055546.

A Warrant for Arrest was issued in case 19CR055546 on October 25, 2019, and the Defendant was arrested at the Catawba County courthouse on November 6, 2019 when she appeared for a hearing in another matter. (Doc. No. 1-1 at 8-9). The Iredell County court issued a Release Order that same day on Defendant's promise to appear on December 18, 2019. (Doc. No.

1-1 at 10).

The Defendant seeks removal pursuant to 28 U.S.C. §§ 1443 and 1455 because, she alleges, her prosecution in Iredell County will result in violations of the federal constitution and statutes including 18 U.S.C. §§ 241, 242, 249, 1512, and 1621-23. The Defendant argues that she fears for her life and cannot receive a fair trial in Iredell County because of past conflicts and litigation between herself and Patricia Richard, the owner of the allegedly stolen vehicle who is also Defendant's mother. The Defendant contends that this Court is in a better position to hear the criminal case because it has previously considered civil actions involving the Defendant, her mother, and others.[1] She further contends that she was treated unfairly in the past by the Catawba and Iredell County Sheriff's Departments, courts, and prosecutor's offices in conjunction with incidents including the denial of a domestic violence injunction against her ex-husband and the refusal to investigate and prosecute various matters involving Defendant. She states that her life has been threatened and that she and her witnesses are afraid to attend court in Statesville. She further alleges that the state court lacks jurisdiction over this action because the Arrest Warrant is too vague for her to prepare a defense, that the North Carolina statute she was accused of violating is unconstitutionally vague, that North Carolina's discovery and public records laws are

---

[1] Case number 5:20-cv-29-KDB-DCK is a declaratory judgment action between the Defendant and her mother, Patricia Richard, regarding a dispute over the amount owed on a deed of trust. The Defendant filed a Notice of Removal in that case from Iredell County District Court. The matter was remanded to state court because none of the claims raised a valid federal question. An appeal is presently pending in the Fourth Circuit Court of Appeals, case number 20-1752.

Case number 5:20-cv-129-KDB-DCK is a real estate partition action between the Defendant, her mother, and Richard Tallant involving property owned by Walter Tallant, the grandfather of the Defendant and Richard Tallant. The Defendant's mother had also obtained an interest in the property from other grandchildren of Wallace Tallant. The Defendant filed a Notice of Removal from the Superior Court of Catawba County. Defendant's mother and Richard Tallant were represented in the action by attorney Jimmy Ray Summerlin, Jr. The Court remanded the action to state court because the Notice of Removal was untimely. An appeal is pending in Fourth Circuit case number 20-2234.

The Defendant presently alleges that Patricia Richard, Richard Tallant, and Summerlin have harassed and threatened her, and arranged to have her arrested at the Catawba County courthouse.

unconstitutional, and that she is being denied counsel.

She presently identifies the following "Removal Issues:"[2]

1) Patricia Richard's Federal Pleadings Saying She has Not Brought Charges Against Defendant, and Related Federal Crimes.

2) Accessory Crimes.

3) No Probable Cause.

4) Iredell County Does Not have Jurisdiction.

5) No Grounds to Prosecute Because of Relationship.

6) The Defendant is an Owner of the Car per the Definition of NCGS 14-72.2.

7) Patricia Richard has two civil lawsuits against the Defendant that are related to this case. They are both before the Honorable Fourth Circuit Court of Appeals as Case 20-1752 and 20-2234.

8) Violations of the Defendant's Rights to Counsel in Criminal Matters.

9) Conflicts, Past Harms, and Discrimination from Iredell Judges.

10) Attorney General Conflict.

11) The Warrant is Defective.

12) Constitutional Challenge to Ambiguous Language That Can Encompass Non-Criminal Acts.

13) Constitutional Challenges to North Carolina's Discovery Laws and Public Record Laws.

14) The Defendant is in Imminent and Immediate Danger of Irreparable Harm.

15) Threats, Harassment, Intimidation, and Endangering of the Defendant's Life, and Conspiracy.

16) Discrimination of the Basis of Gender, Race, Disability, Religion, and Being a Victim of Domestic Violence.

---

[2] Only the headings are provided here; the Defendant's arguments have been omitted.

(Doc. No. 1 at 1-14).

On May 21, 2021, an Order for Arrest was issued in case number 19CR055546 because the Defendant failed to appear as required by the Release Order. See Fed. R. Ev. 201.

## II.    APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). An impoverished litigant does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual seeking to proceed *in forma pauperis* need only show indigence or poverty sufficient to demonstrate his inability to provide for the necessities of life while paying the costs of litigation. Id. at 339-40. If a court determines at any time that the allegation of poverty made in an in forma pauperis application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

Defendant's Application shows that she has had an average of $805 in monthly income for the past 12 months from self-employment and child support, but she only expects $605 next month because of reduced self-employment.[3] (Doc. No. 6 at 1). As assets, the Defendant reports $50 in cash, $325 in bank accounts, and a motor vehicle worth $1,500. (Id. at 2-3). One minor child relies on the Defendant for support. (Id. at 3). The Defendant has $1,740 in monthly expenses, including $350 for housing; $60 for utilities; $370 for food; $110 for medical and dental expenses; $150 for transportation; and $575 in credit card installment payments.[4] (Id. at 4-5). The Defendant does not

---

[3] The Defendant states that her self-employment income comes from odd jobs she performs while taking care of her severely disabled child. (Doc. No. 6 at 6).

[4] The Defendant states that she has been using credit cards to cover her living expenses, and that she now has $27,000 in credit card debt. (Doc. No. 6 at 6).

expect to have any major changes in her monthly expenses, income, assets, or liabilities during the next 12 months. (Id. at 5). The Defendant states that she has spent $2,000 for expenses or attorney fees in conjunction with this lawsuit. (Id.). The Defendant further explains her inability to pay the costs of these proceedings as follows: "Because of the criminal charges and the lawsuits, I have not been able to do much, if any work, and still care for my disabled child. I am borrowing money from my credit cards to cover living expenses…." (Id.).

The Court is satisfied that Defendant does not have sufficient funds to pay the filing fee and will permit Defendant to proceed *in forma pauperis.*

## III.  STANDARD OF REVIEW

Where a litigant is proceeding *in forma pauperis*, the Court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV.  DISCUSSION

When a defendant in a state criminal case files a notice of removal in a United States District Court, that court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall

make an order for summary remand." 28 U.S.C. § 1455(b)(4). A notice of removal must include the grounds for such removal, and failure to state grounds that exist at the time of the filing of the notice constitutes waiver of such grounds. 28 U.S.C. § 1455(b)(2).

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Federal law severely limits the circumstances under which a litigant may remove a case from state court to federal court. See 28 U.S.C. §§ 1441-1455; see also Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey, 29 F.3d at 151.

The Defendant seeks removal pursuant to 28 U.S.C § 1443, which provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Section 1443(2) is irrelevant to the instant case because it applies only to state or federal officers. See City of Greenwood v. Peacock, 384 U.S. 808, 815, 824 n.22 (1966) (the "color of authority" clause of § 1443(2) is only available to federal officers and persons assisting such

officers, and only state officers may remove under the "refusal" clause).

Under § 1443(1), a defendant must show: "(1) that [s]he is being deprived of rights guaranteed by federal law protecting against racial discrimination and (2) it can be clearly predicted by operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Noel v. McCain, 538 F.2d 633, 635 (4th Cir. 1976) (quoting Peacock, 384 U.S. at 828; citing Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also Johnson v. Mississippi, 421 U.S. 213, 219 (1975). It is not enough to support removal under § 1443(1) "to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges are false, or that the defendant is unable to obtain a fair trial in a particular state court." Peacock, 384 U.S. at 827.

In the present case, the Defendant refers to herself as a "minority woman" and alleges that she has been harassed at the hands of the Iredell Court, Iredell officials, her mother, and others, because of her sex, race, child's disability, religion, and for being a victim of domestic violence; she also cites federal laws relating to, *inter alia,* conspiracy and hate crimes. (Doc. No. 1 at 1-2). Only the allegation of racial discrimination could support removal under § 1443(1), the other grounds do not warrant further discussion. See Rachel, 384 U.S. at 792. The Defendant's allegations regarding racial discrimination are rejected; the records attached to the Complaint refer to the Defendant and her mother as white females. (Doc. No. 1-1 at 7, 9). Nor has the Defendant demonstrated that her rights will be inevitably denied in the criminal proceeding in Iredell County. The Notice of Removal is frivolous and there is no basis for this Court's interference in the state court's lawful prosecution of the criminal case. Therefore, this matter will be remanded to the District Court of Iredell County, North Carolina. See 28 U.S.C. § 1447(c).

The Defendant has filed several Motions that are presently pending. Only the Motion seeking the Court's recusal requires discussion. (Doc. No. 4). A litigant may seek a judge's recusal if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party." 28 U.S.C. § 144. The Defendant contends that the undersigned and the assigned magistrate judge have shown "bias" and denied her access to the courts in case numbers 5:20-cv-29 and 5:20-cv-129. The Court's adverse rulings in prior actions provide an insufficient basis to infer bias or the denial of access to the courts. Liteky v. United States, 510 U.S. 540, 551 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). The Motion seeking recusal will therefore be denied and the Defendant's remaining Motions will be denied as moot.

The Defendant is cautioned that repeated frivolous *pro se* filings in this Court may lead to the imposition of sanctions including a pre-filing injunction.

## V.    CONCLUSION

Defendant's Application to proceed *in forma pauperis* is granted, and this action is remanded to the District Court of Iredell County, North Carolina. The Defendant's pending Motions are denied.

**IT IS, THEREFORE, ORDERED** that:

1.    Defendant's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 6), is **GRANTED**.

2.    This action is **REMANDED** to the District Court of Iredell County, North Carolina, in accordance with § 1447(c).

3.    Defendant's "Motion for Injunctive Relief to Stop State Hearings [and] Motion to Move Federal Hearings," (Doc. No. 3); "Motion for Appointment of Counsel,

Motion for Electronic Filing, and Motion for Equal Access to the Court [and] Motion to Re-Assign Judges," (Doc. No. 4); and "Motion to Dismiss Criminal Charges [and] Motion to Expunge," (Doc. No. 8), are **DENIED**.

4.    The Clerk of Court is directed to mail a copy of this Order to the District Court of Iredell County, North Carolina.

Signed: June 21, 2021

Kenneth D. Bell
United States District Judge